Cheshire
No. 7373

STATE OF NEW HAMPSHIRE

v.

FRANK E. WHITE

November 30, 1976

*David H. Souter,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*Leonard, Gall, Shapiro & Jordon (Mr. Richard W. Leonard* orally) for the defendant.

PER CURIAM. The defendant was charged under RSA 262:27-b (Supp. 1971) with illegally operating a motor vehicle on July 9, 1971, after suspension of his license. He was tried in the district court, found guilty on August 3, 1971, and he appealed the next day to the superior court.

Thereafter, following numerous delays and continuances, as later detailed, he filed a motion on February 14, 1975, to dismiss the complaint for lack of prosecution and "[i]n the interest of justice . . . ." This motion was denied. The defendant excepted, then pleaded guilty after filing an acknowledgment of rights. He was sentenced by the Trial Court *(Johnson,* J.), who reserved and transferred the question whether the motion to dismiss should have been granted.

The State argues that the motion to dismiss for lack of prosecution does not properly raise the constitutional issue of whether the defendant was denied the right to a speedy trial under N.H. Const. pt. I, art. 14 and the sixth amendment of the United States Constitution. We do not accept this argument, and resolving any doubts in favor of the defendant, we hold that the issue is properly before us as urged in his brief.

Under both constitutions the defendant is entitled to be free from capricious and oppressive delay. *State v. Coolidge,* 109 N.H. 403, 412, 260 A.2d 547, 554 (1969). To determine the answer to the question here, an examination of the facts is required. This is so because, "Finally, and perhaps most importantly, the right to speedy trial is a more vague concept than other procedural rights." *Barker v. Wingo,* 407 U.S. 514, 521 (1972). Furthermore, the length of the delay alone is not determinative of the claim. *State v. Blake,* 113 N.H. 115, 305 A.2d 300 (1973); *Barker v. Wingo supra.*

As articulated in *Barker,* certain specific tests, not necessarily in order of their importance, are as follows: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's responsibility to assert his right, which is closely related to the other actions; (4) prejudice to the defendant, to be assessed in the light of his right to a speedy trial. The first delay was from August 4, 1971, the date of the appeal, to May 9, 1972. We feel that the request for a continuance signed by both the defendant and his attorney, Mr. Shortlidge, on that later date, forbids the defendant from placing blame on the State for the original nine months lapse of time.

No activity appears on the record between May 9, 1972, and January 15, 1973, when the defendant defaulted and the case was remanded to the district court for sentence. On February 7, 1973, the present attorney for the defendant, Richard W. Leonard, an experienced and able trial lawyer, appeared and asked that the default be stricken. He alleges that on or about January 16, 1973, Attorney Shortlidge, acting contrary to his client's wishes, withdrew the appeal and allowed the default. No record appears of Shortlidge's withdrawal or other conduct at this time in the superior court files.

On September 9, 1973, the defendant's motion to strike the default and reinstate the case was granted. The hearing was then set for January 8, 1974, and the defendant's lawyer notified. As counsel admits, through "inadvertence" he never notified his

client, who did not appear, and the new case was again defaulted.

It was not until June 21, 1974, that the defendant's new motion to strike the default and reinstate the case was filed. This was granted on September 10, 1974, and the trial was again scheduled for February 4, 1975. On that date, Attorney Frasca of Mr. Leonard's office, who was to represent the defendant, was ill and the matter was continued until February 6 following. On that date defendant alleged that he appeared with counsel, but due to a heavy snowstorm no court or jury was available to try the case. Shortly thereafter, on February 14, 1975, the matter was scheduled for trial. The parties appeared and for the first time since he entered the case some two years earlier, defendant's attorney moved to dismiss for lack of prosecution. The motion was denied subject to exception and the defendant was sentenced upon a plea of guilty. Service of the sentence was stayed pending the appeal to this court and the order staying execution provided: "The defendant shall promptly and expeditiously prosecute his appeal to the Supreme Court." Notwithstanding this, it was not until November 20, 1975, over nine months later and after prodding by the clerk of court, that the appeal was entered in the supreme court.

The facts here disclose an initial delay of nine months and then a request of the defendant for a continuance. Subsequently, the defendant defaulted twice and twice succeeded in having the default stricken and his case reinstated. Except for the period from September 10, 1974, to February 14, 1975, all of the delays in this case were either at the request of the defendant or the result of his own actions. It does not appear that the defendant suffered any prejudice from the delay. *State v. Blake*, 113 N.H. 115, 122, 305 A.2d 300, 305 (1973). Balancing his conduct with that of the prosecution in all the circumstances, it appears as suggested in *Riendeau v. Milford Municipal Court*, 104 N.H. 33, 34, 177 A.2d 396, 398 (1962) that the practical administration of justice requires that the order be

*Defendant's exception overruled.*

GRIMES and BOIS, JJ., did not sit.