Hillsborough
No. 7698

THE STATE OF NEW HAMPSHIRE

v.

LEWIS L. LAINEY

July 11, 1977

*David H. Souter*, attorney general, and *Robert V. Johnson, II*, assistant attorney general (*Mr. Johnson, II* orally), for the State of New Hampshire.

*Leonard, Prolman, Gall, Shapiro & Jordan*, of Nashua (*Mr. Richard W. Leonard* orally), for Lewis L. Lainey.

DOUGLAS, J. Defendant appeals from his conviction under RSA 635:1 for the burglary of Roland's Variety Store in Nashua in the early morning of December 12, 1975. The issues here are the propriety of the severance of the charge of burglary from the charge of committing a crime when armed with a revolver, RSA 159:2, and certain evidentiary rulings in the course of trial before a jury. All questions of law raised by defendant's exceptions were reserved and transferred by the Trial Court (*Goode*, J.).

Defendant argues first that the trial court erred in granting the state's motion to sever the two indictments for burglary and committing a crime while armed. He claims that the severance violated his right to a speedy trial on the gun charge, citing *State v. White*, 116 N.H. 687, 366 A.2d 872 (1976). The speedy trial concept is more vague conceptually than other procedural guarantees; tests for determining whether the right to a speedy trial has been abridged include the length of the delay, the defendant's responsibility to assert his right, reasons for the delay, and prejudice to the defendant. *State v. White*, 116 N.H. at 688, 366 A.2d at 873. There is no evidence before this court as to whether or when the defendant has or has not been tried on the severed indictment; therefore, no prejudicial delay has been shown.

Defendant's allegation of prejudice at the trial is based upon his inability to explain a downward movement of his hands observed by the arresting officer at the scene of the crime. However, this evidentiary dilemma was created by the defendant. After the trial court granted the prosecution's motion to sever and defense counsel had been warned by the prosecuting attorney that the evidence about defendant's hand movements would be presented, defense counsel stated that he would object to any evidence of defendant's gun presented during the trial for burglary. The trial court specifically did not rule on the admissibility of evidence con-

cerning the gun charge. The court offered to hold a suppression hearing if defense counsel wished to suppress any evidence. The prosecuting attorney declared his intention to avoid a mistrial situation, and had previously stated that he did not want to interfere with the defendant's right to a speedy trial.

■ Defense counsel could have offered evidence about the gun when defendant's hand movements were the subject of testimony at the trial. Indeed, the testimony concerning defendant's hand movements was consistent with evidence that a hammer and chisel were found near the spot where defendant was arrested, and was arguably far less damaging in the eyes of the jury compared to the prospect of informing them that defendant was carrying a gun. Finally, defense counsel is precluded from raising any question of prejudice resulting from testimony about defendant's hand movements, since the trial record contains no objections or exceptions taken by defense counsel in this area. Defendant waived his right to appeal on this issue by failing to preserve his exceptions. *State v. Blake*, 113 N.H. 115, 120, 305 A.2d 300, 304 (1973); *Bourget v. Company*, 98 N.H. 237, 244, 97 A.2d 383, 388 (1953).

■■ Severance and joinder questions are to be decided in the sound discretion of the trial court, and, "[i]n the absence of a showing of an abuse of this discretion its ruling will not be disturbed by this court." *State v. Chickering*, 97 N.H. 368, 369, 89 A.2d 206, 207 (1952). ABA Standards Relating to Joinder and Severance § 2.2 (Approved Draft, 1968) provides that, "[t]he court, on application of the prosecuting attorney . . . should grant a severance of offenses whenever . . . it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." This standard leaves the granting of severance within the sound discretion of the trial judge, who will consider the circumstances of the individual case. Severing the two charges in the case at bar was an appropriate action by the trial judge, because of the potential for prejudice had evidence about the gun been introduced at the trial for burglary.

■ Defendant contends that the trial court erred in allowing state's exhibits twelve through eighteen into evidence in the absence of proper testimonial foundation. This contention is without merit. The exhibits in question included two drill bits, a miter saw, pieces of broken glass, a pair of vise grips, and two small tufts of

fiberglass insulation, all seized from the defendant's car parked several blocks away from the store. These items constituted circumstantial evidence, and were appropriately identified by the officer who performed the inventory of defendant's car. Circumstantial evidence may be used as proof of a crime and can support a finding of guilt beyond a reasonable doubt. *State v. Shippee,* 115 N.H. 694, 696, 349 A.2d 587, 588 (1975); *State v. Davis,* 108 N.H. 45, 50, 226 A.2d 873, 877 (1967). Defendant also claims that the exhibits were prejudicially shown to the jury by being spread on a table in the courtroom. As admitted evidence, the items were properly presented for the consideration of the jury. *See State v. Brough,* 112 N.H. 182, 291 A.2d 618 (1972).

■ The defendant finally alleges error in the trial court's admission of Officer Brousseau's statement under cross-examination that the defendant was a "professional burglar." This testimony was elicited by defense counsel, who neither requested that the answer be stricken nor raised an objection nor requested an exception. Defendant is therefore precluded from raising the matter on appeal. *State v. Blake,* 113 N.H. 115, 120, 305 A.2d 300, 304 (1973); *Bourget v. Company,* 98 N.H. 237, 244, 97 A.2d 383, 388 (1953).

Other rulings of the trial court properly sustained objections of the prosecuting attorney on the grounds that defense counsel's questions called for conclusions of the witness, were indefinite and uncertain, were argumentative, or were unnecessarily repetitious.

*Defendant's exceptions overruled.*

All concurred.