Rockingham
No. 78-110

THE STATE OF NEW HAMPSHIRE

v.

ROGER COLE

December 6, 1978

*Thomas D. Rath*, attorney general, *John C. Boeckeler, Richard B. McNamara, Richard B. Michaud* and *Peter W. Heed*, assistant attorneys general, and *Peter W. Mosseau*, attorney, by brief for the State.

*Anthony A. McManus*, of Dover, by brief and orally, for the defendant.

*H. Jonathan Meyer*, of Concord, by brief and orally, for the New Hampshire Civil Liberties Union, amicus curiae.

GRIMES, J. The issue we decide in this criminal trespass and contempt case is whether the defendant was denied his right to a speedy

trial. We hold that defendant was denied a speedy trial on both charges and that the case against him must be dismissed.

This is a case arising from one of the Seabrook demonstrations. Defendant was arrested on August 22, 1976, at the site of the Seabrook Nuclear Power Plant, and was charged with criminal trespass. RSA 635:2. In September 1976, he was arrested for contempt for violating an injunction of the Rockingham County Superior Court against entering or occupying the Seabrook site without the permission of Public Service Company of New Hampshire or Properties, Inc. Defendant was found guilty of the trespass charge in the Hampton District Court on September 17, 1976, and he appealed to the superior court.

On December 1, 1976, defendant filed a motion to dismiss both the trespass and the contempt charges on the ground of unreasonable delay. At that time, he had not been arraigned on the charge of contempt and no date had been set for the trial of either charge. The motion was denied. On March 3, 1977, defendant filed another motion to dismiss because of delay; this too was denied. On April 11, 1977, counsel for defendant wrote to the clerk of court asking that the case be set for trial. A further motion for dismissal was filed on September 14, 1977. Finally, the cases were scheduled for trial on November 7, 1977, and defendant's motion for dismissal during trial was denied on that date. At no time had defendant moved to suppress evidence, to compel discovery, or to continue the case. Defendant was found guilty by a jury on the trespass charge and by the court on the contempt charge. His exceptions were transferred by *Cann*, J.

The State in its brief offers no excuse for the delay in bringing the defendant to trial. In the superior court the State opposed setting the cases for trial on the sole basis that there were then pending certain appeals the outcome of which would affect the case against the defendant. *See State v. Gross*, 117 N.H. 853, 379 A.2d 804 (1977); *State v. Linsky*, 117 N.H. 866, 379 A.2d 813 (1977).

 The right to a speedy trial is guaranteed by both the sixth amendment to the Federal Constitution, which is applicable to the States, *Klopfer v. North Carolina*, 386 U.S. 213 (1967), and the constitution of this State, N.H. CONST. pt. I, art. 14. *State v. White*, 116 N.H. 687, 366 A.2d 872 (1976); *State v. Blake*, 113 N.H. 115, 305 A.2d 300 (1973). We have stated that this "right is necessarily relative, and must be considered with regard to the practical administration of justice." *Riendeau v. Milford Municipal Court*, 104 N.H. 33

34, 117 A.2d 396, 398 (1962). Thus, unlike the federal courts, our courts do not work under fixed deadlines in speedy trial cases. *See* 18 U.S.C. § 3161 (Supp. V (1975)).

In the case before us, there is no claim that " the delays here were caused either by the normal court calendar or the determination of issues raised for the benefit of the defendant." *State v. Blake,* 113 N.H. at 121, 305 A.2d at 305 (1973). The court factors to be considered in these cases, as set forth in *Barker v. Wingo,* 407 U.S. 514, 530 (1972), are (1) the length of the delay, (2) the reasons for the delay, (3) the responsibility of the defendant to assert his right, and (4) the prejudice to the defendant. *State v. White,* 116 N.H. at 688, 366 A.2d at 873. A delay of over fourteen months from the time of arrest to the time of trial is substantial, especially in a misdemeanor case such as this. There was no valid reason for the delay in this instance.

This court puts substantial emphasis on the latter two of the *Barker* factors. The defendant was diligent in his assertions of his right to a speedy trial. Although prejudice to the defendant has been held not to be essential, it is still one factor to be considered, *Moore v. Arizona,* 414 U.S. 25 (1973), and there is in this case actual evidence of prejudice to the defendant. Even though he was on bail during the delay, the defendant was constantly subject to call by the court. A person in such a situation is unable to lead a "normal life." *Barker v. Wingo,* 407 U.S. at 527. One of the basic reasons for the speedy trial right is "to minimize [the] anxiety and concern of the accused"; another important reason is to "limit the possibility that the defense will be impaired." *Id.* at 532. Undoubtedly there is prejudice if witnesses are unable to recall events accurately. Moreover, "loss of memory is . . . not always reflected in the record because what has been forgotten can rarely be shown." *Id.* There is evidence in the present case that memories had failed or had become dimmed and that certain testimony was inconsistent with prior statements.

■ Considering all the facts and circumstances, we hold that the defendant's right to a speedy trial under the New Hampshire Constitution part I, article 14 was denied, and his convictions are therefore vacated and the charges against him are dismissed. *Strunk v. United States,* 412 U.S. 434 (1973). We stress the fact that this holding is based upon the particular circumstances of this case, in which the defendant constantly asserted his right and the State established no

valid excuse for the delay. In view of this result, we need not consider any other claims of the defendant.

*Exceptions sustained; dismissed.*

BOIS, J., did not sit; the others concurred.