Hillsborough
No. 79-212

## THE STATE OF NEW HAMPSHIRE

v.

## DANIEL P. ISAAC

December 28, 1979

*Thomas D. Rath*, attorney general (*Paul W. Hodes*, attorney, orally), for the State.

*Bruce E. Kenna*, of Manchester, by brief and orally, for the defendant.

BOIS, J.  Defendant was charged under RSA 632-A:2 with aggravated felonious sexual assault. He was convicted by a jury on June 20, 1978, and sentenced to a term of seven and one-half to fifteen years. Credit was allowed for pretrial incarceration from August 19, 1977. The issue in this case is whether the delay of ten months between arrest and trial is attributable solely to the State and constitutes a denial of defendant's right to a speedy trial. Defendant's exceptions were reserved and transferred by the Trial Court (*Loughlin*, J.). We affirm the trial court.

Defendant admits that "a ten month delay may not be considered presumptively prejudicial per se." *See State v. White*, 116 N.H. 687, 688, 366 A.2d 872, 873 (1976) (length of delay alone not determinative of the claim). He does not accuse the State of "arbitrary, vexatious or oppressive delay" but argues nevertheless that the delays are solely attributable to the prosecution and as such result in an effective denial of the speedy trial right.

Defendant was arrested and arraigned in the Manchester District Court on August 19, 1977. Bail was set at ten thousand dollars cash or surety bond. He subsequently waived a probable cause hearing and on September 14, 1977, was bound over to the September session of the grand jury. In October 1977, he was indicted for the offense of aggravated felonious sexual assault. Defendant was represented by appointed counsel from August 19, 1977, until his arraignment on November 2, 1977, at which time counsel refused to appear. The trial court, sua sponte and without defendant's approval, appointed the public defender's office to represent him. New counsel alerted the clerk of court that his schedule would not allow preparation for trial during the remainder of the September term of court. Defendant waived arraignment and entered a not guilty plea. Bail was continued and trial set for February 15, 1978.

During January 1978, the State encountered problems in returning the nine-year-old victim from her home in Indiana to New Hampshire. A psychiatrist had advised the parents that the young girl should not be allowed to testify in court as the "cross-examination, in particular, might be very traumatizing." The State filed a motion to take a videotape examination of the girl, which was denied. Pursuant to RSA 613:3, the State instituted proceedings to summon the girl from out of

state. Because of health reasons and her need for continuing psychiatric treatment, the Indiana court refused to compel attendance of the witness for a period of three months.

On February 15, 1978, the court granted the State's motion for a continuance over defendant's objection based on a denial of speedy trial. Bail was reduced to five hundred dollars cash or surety bond and the trial rescheduled for May 22, 1978. Defendant remained incarcerated while awaiting trial. On May 3, 1978, the clerk of court notified the parties that because of calendar difficulties, the case was rescheduled for June 19, 1978. Defendant immediately filed a motion to dismiss. After a hearing the court entered the following order:

> June 2, 1978: Motion shall be granted in the event the State of New Hampshire is not ready to proceed with the trial on June 19, 1978.

The case was tried on June 19, 1978, and resulted in a jury finding of guilty.

■ This court has recently reiterated that the right to a speedy trial is necessarily relative, and must be considered with regard to the practical administration of justice. *State v. Dufield*, 119 N.H. 28, 29, 398 A.2d 818, 819 (1979); *State v. Cole*, 118 N.H. 829, 830, 395 A.2d 189, 190 (1978). In evaluating whether the right was violated, a majority of this court has followed the criteria and applied the balancing test set out in *Barker v. Wingo*, 407 U.S. 514 (1972). *State v. Hudson*, 119 N.H. 963, 409 A.2d 1349 (1979); *State v. Dufield supra; State v. Cole*, 118 N.H. at 831, 395 A.2d at 190. We again state that "under both constitutions [U.S. Const. amend. VI and N.H. Const. pt. 1, art 14] the defendant is entitled to be free from capricious and oppressive delay." *State v. White*, 116 N.H. 687, 688, 366 A.2d 872, 873 (1976). We consider the *Barker* criteria in our evaluation of this case, and attempt to protect defendant's right to a speedy trial while concurrently maintaining a responsive posture toward public concern.

■ We conclude from an examination of the facts herein that the delays are not the sole fault of the State, as claimed by defendant, but rather are the result of the practical administration of justice.

*Exceptions overruled.*

KING, J., did not sit; DOUGLAS, J., concurred separately; the others concurred.

DOUGLAS, J., concurring:

I concur with the result in this case but reaffirm my dissent in *State v. Dufield supra* calling for an end to the case-by-case balancing process by issuance of specific speedy trial time guidelines.