Cheshire
No. 81-041

## The State of New Hampshire

v.

## Ronald S. Quinlan

January 20, 1982

52

*Gregory H. Smith*, attorney general (*Michael A. Pignatelli*, attorney, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, by brief for the defendant.

PER CURIAM. The issue in this case is whether the defendant, Ronald S. Quinlan, was denied his constitutional right to a speedy trial. We hold that he was not.

On September 8, 1978, two armed men robbed a filling station in Keene, New Hampshire. Police arrested the defendant on January 14, 1980, and on February 8, 1980, a grand jury indicted him for the robbery. Bail was set at $50,000, and the defendant was committed to jail in lieu of bail to await his trial and to serve the balance of a previous sentence for car theft. By February 25, 1980, the defendant had finished serving the requisite time on the car theft sentence but remained incarcerated in connection with the robbery charge. His wife, who had allegedly accompanied the two men during the robbery and who had married the defendant after the robbery, received immunity from prosecution and was to be the State's chief witness at the trial. On March 24, 1980, the defendant filed several motions with the court, including a motion for a speedy trial and a motion, under RSA 516:27, to preclude his wife from being a witness against him. On April 21, 1980, the Superior Court (*Contas*, J.) granted the defendant's motion to preclude his wife from testifying against him. *See* McNamara, *The Hierarchy of Evidentiary Privilege in New Hampshire*, 20 N.H.B.J. 1, 6–9 (1978). The State nolle prossed the case, and the defendant was released from jail.

On September 3, 1980, the other alleged robber pleaded guilty to the crime and, for the first time, implicated the defendant. Therefore, on September 11, 1980, the defendant, then living in Florida, was reindicted for the robbery. He returned to New Hampshire on October 10, 1980. On November 12, 1980, having failed to receive a trial, the defendant filed a motion to dismiss for lack of a speedy trial. The trial court denied this motion, and on January 13, 1981, a jury found the defendant guilty of robbery following a trial in Superior Court (*Pappagianis*, J.). The defendant thereafter appealed his conviction to this court.

In determining whether a speedy trial has been denied, we will follow the test articulated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). We will consider the length of the delay, the reasons for the delay, the assertion of the right by the defendant, and the prejudice to the defendant. *Id.; State v. Novosel*, 120 N.H. 176, 182, 412 A.2d 739, 744 (1980).

■ The length of the delay depends upon when the pre-trial waiting period begins to run. Generally, the waiting period begins to run when the defendant is charged, *see United States v. Marion*, 404 U.S. 307, 318 (1971), or when he is arrested, if the arrest comes first. *Dillingham v. United States*, 423 U.S. 64, 65 (1975). The matter is complicated in this case because of the two indictments and arrests, and because of the defendant's absence from the State at the time of the second indictment.

■ We are aware of cases holding that when the government nolle prosses an indictment and then reindicts, the time between the nolle pros and the second indictment is not considered part of the waiting period. We hold that where the prosecution acted in good faith and the nolle pros of the first indictment resulted from the disqualification of the State's chief witness, the waiting period should begin to run from the time of the second indictment. *Cf. State v. Hudson*, 119 N.H. 963, 966, 409 A.2d 1349, 1351 (1979) (quoting *Smith v. Hooey*, 393 U.S. 374, 383 (1969)).

■ The time period between the reindictment and trial was only four months. Without any delay which is presumptively prejudicial, no inquiry into the other factors need be made. *Barker v. Wingo*, 407 U.S. at 530.

■ Even if we were to consider the other factors, we would still find no denial of the speedy trial right. Although the defendant did assert his right, he did not do so until a month after his return to this State, and he was tried only two months later. In addition, no witnesses for the defense died or disappeared, and no evidence was lost during the pre-trial waiting period. *State v. Novosel*, 120 N.H. at 183, 412 A.2d at 744–45. The defendant claims that the memory of some of the witnesses for the State had dimmed during this period, but we find that, even if these losses in memory had occurred, they would have prejudiced the State and not the defendant. There is no showing that the defense was hindered in any way. In view of the relatively short pre-trial waiting period and the lack of prejudice, we conclude that a reversal of the conviction is not warranted.

■■ There is no precise rule for determining whether the right to a speedy trial has been denied; we must decide each case on its own facts. *See, e.g., State v. Weitzman*, 121 N.H. 83, 86–87, 427 A.2d 3, 5 (1981); *State v. White*, 116 N.H. 687, 688–89, 366 A.2d 872, 873–74 (1976). The right to a speedy trial is a relative right which must be considered with regard to the practical

administration of justice. *Id.* at 689, 366 A.2d at 874. Weighing all factors, we find no denial of this right in this case.

*Exception overruled; affirmed.*

DOUGLAS, J., concurred in the result only.