Merrimack
No. 84-228

## THE STATE OF NEW HAMPSHIRE

v.

## FRANCIS E. LANGONE

August 5, 1985

50

*Stephen E. Merrill*, attorney general (*Tina Schneider*, attorney, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J.   On appeal, the defendant claims that delays by the State in commencing his district court and superior court trials for driving while intoxicated, subsequent offense, RSA 265:82, I, and for driving after license revocation, RSA 263:64, denied him his constitutional rights to a speedy trial, N.H. CONST. pt. I, art. 14; U.S. CONST. amend. 6. We agree, and we therefore reverse.

On August 15, 1982, the defendant was arrested and charged with the offenses. Arraignment and trial were scheduled for September

14, 1982, in Concord District Court. At the defendant's request, trial was rescheduled first for November 16 and then for November 4. On November 4, when the arresting officer failed to appear, the State successfully moved for a continuance. On December 9, the date rescheduled for trial, the case was not heard due to the heavy caseload of the district court, and the trial was rescheduled for January 13, 1983. On that date, the defendant arrived at court to learn that the State the day before had moved for a continuance due to the unavailability of the arresting officer. The court granted the continuance over the defendant's objection and denied his motion to dismiss for lack of a speedy trial. On February 14, 1983, the defendant showed up for trial to discover again that the State was moving for a continuance due to the absence of the arresting officer. The motion was granted over the defendant's objection, and his motion to dismiss was denied. On April 7, 1983, the defendant filed a motion to dismiss for lack of a speedy trial on the ground that one of his witnesses had moved out of State during the trial delays. The motion was denied, and trial was rescheduled for June 16 to allow the defendant time to locate the witness. On that date, trial was held, resulting in a conviction on both charges.

On August 4, 1983, the defendant appealed to the superior court. RSA 599:1 (Supp. 1983). On October 21, the superior court denied the defendant's motion to dismiss for lack of a speedy trial and allowed the defendant's counsel to withdraw from the case. One week later, the defendant filed a motion to continue, in which he waived his speedy trial rights for any delay due to the continuance, in order to allow his new counsel time to prepare for trial. The court granted the motion, resulting in a new trial date of January 16, 1984. On that date, the court failed to hear the case due to its crowded docket. On February 24, the defendant again unsuccessfully moved the court to dismiss the case for lack of a speedy trial. On February 29, the defendant filed for a continuance and waived his speedy trial rights for the delay caused by the continuance. On April 9–11, the defendant was tried by a jury, resulting in a verdict of guilty on both charges. *DiClerico*, J., sentenced the defendant, with a stay thereof pending the outcome of this appeal.

The defendant's rights to a speedy trial derive from part I, article 14, of the State Constitution and the sixth amendment to the Federal Constitution. We begin, as we must, by first making an independent analysis of the protections afforded under the New Hampshire Constitution, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using decisions of the United States Supreme Court and other jurisdictions only as aids in our analysis, *see Michigan v. Long*, 103 S. Ct. 3469, 3476 (1983). Thereafter, we need address federal

constitutional issues only insofar as federal law would provide greater protection. *State v. Ball*, 124 N.H. at 232, 471 A.2d at 351. Since we find that the State Constitution entitles the defendant to his claimed relief, we need not consider whether the Federal Constitution also affords him protection. *See id.*

■ "In order to determine whether the defendant has been denied his right to a speedy trial, we must balance four factors: (1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right, and (4) any prejudice to the defendant." *State v. Weitzman*, 121 N.H. 83, 86, 427 A.2d 3, 5 (1981) (citing *Barker v. Wingo*, 407 U.S. 514, 530–33 (1972)). We address these four considerations in the *Barker v. Wingo* test in turn.

The principal dispute between the parties concerns the proper measurement of the speedy trial period in cases such as this where a *de novo* trial in the superior court is held at the defendant's request following a conviction in the district court. The defendant argues that the delays at the two levels should be considered together for speedy trial purposes because his right to a jury trial was satisfied only at the superior court. We disagree. We hold that the delays at the district court and those at the superior court must be evaluated separately for speedy trial purposes.

The defendant was entitled under both State statutes and the Federal Constitution to a jury trial. Under RSA 502-A:11 and :12, and RSA 599:1, the defendant was entitled on appeal to a trial by jury of his misdemeanor charges. *State v. Despres*, 107 N.H. 297, 298, 220 A.2d 758, 759 (1966); *cf.* RSA 592-A:2-b (trial by jury not afforded on appeal for violation charges). Under the sixth and fourteenth amendments to the Federal Constitution, the right to a jury trial attaches for any offense "where imprisonment for more than six months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69 (1970) (plurality opinion). The defendant was entitled to a jury trial under the Federal Constitution because the maximum authorized penalty for the misdemeanor offense of driving after license revocation, RSA 263:64, is one year of imprisonment. *See* RSA 651:2, II(c); *cf.* RSA 265:82, I (sentence of imprisonment for driving while intoxicated must be served within six months of the conviction).

On appeal, the defendant argues that because he was entitled to a jury trial, the relevant time period for speedy trial purposes is the period running from his arrest to the commencement of his superior court trial. We reject this argument because it misapprehends the purpose of the defendant's speedy trial rights.

■ By requiring that criminal trials be commenced with reasonable dispatch, the State and federal speedy trial rights pro-

tect three interests of criminal defendants: freedom from oppressive pretrial incarceration, freedom from undue anxiety or concern, and prevention of impairments to the defense. *Barker v. Wingo*, 407 U.S. 514, 532 (1972); *State v. Cole*, 118 N.H. 829, 831, 395 A.2d 189, 190 (1978). As long as a constitutionally permissible form of adjudication is employed at trial, whether a judge or jury sits as the trier of fact is immaterial to the protection of the defendant's speedy trial interests. Whether the defendant suffers prejudice to his speedy trial rights depends solely on whether the State unreasonably delays commencement of the trial, not on whether a particular mode of adjudication is employed.

▮▮  Since misdemeanor trials in district court are constitutionally permissible, N.H. CONST. pt. II, art. 77, the period of time running from the charge or arrest of a defendant to the commencement of his district court trial is an appropriate subject for separate inquiry under the speedy trial requirements. If a defendant is convicted at the district court and appeals to the superior court, the protection of his speedy trial interests requires that the State not unduly delay commencement of the second trial. The period of time running from the entry of the appeal on the superior court docket to the commencement of the new trial therefore also merits independent consideration under the speedy trial requirements. *Cf.* SUPER. CT. R. app. at 73 (speedy trial policy effective upon entry of case on superior court docket).

In arguing that the delays at the district court and those at the superior court should be consolidated for speedy trial purposes, the defendant mistakenly relies on *State v. Weitzman*, 121 N.H. 83, 427 A.2d 3 (1981), and *State v. Cole*, 118 N.H. 829, 395 A.2d 189 (1978). In *Weitzman*, the thirteen-month period of delay at issue in that case was calculated from the date of the defendant's appeal to the superior court and did not include the one month between his arrest and his district court trial. *Weitzman, supra* at 91, 427 A.2d at 8 (Douglas, J., dissenting). In *Cole*, a delay of fourteen months in commencing the defendant's superior court trial on charges of trespass and contempt was held to be a denial of his speedy trial rights. *Cole, supra* at 831, 395 A.2d at 191. The defendant had been previously tried at the district court on only the trespass charge. *Id.* at 830, 395 A.2d at 189–90. The periods of delay running from the defendant's appeal of his trespass conviction and from his contempt arrest to the commencement of his superior court trial were each approximately fourteen months. We interpret the opinion in *Cole* as using these two periods as the subjects of its speedy trial calculations. We thus interpret the reference to "[a] delay of over fourteen months from

the time of arrest to the time of trial" to refer only to the delay in trying the defendant on the contempt charge, which, unlike the trespass charge, had not been originally brought in district court. *Id.* at 831, 395 A.2d at 190. We therefore did not consolidate the delays at the district court with those of the superior court in rendering our decision in *Cole.*

▪ ■ In the instant case, the delay between the arrest and the commencement of the district court trial was ten months, and the delay between the entry of the defendant's appeal and the commencement of his superior court trial was eight months. The ten-month delay at the district court was sufficiently long to be "presumptively prejudicial," and inquiry must therefore be made into the last three factors of the *Barker v. Wingo* test with respect to this delay. *See State v. Quinlan*, 122 N.H. 51, 53, 440 A.2d 13, 14 (1982). Because we find that the defendant was denied a speedy trial at the district court, we need not consider the reasonableness of the delays at the superior court.

Of the ten months of delay at the district court, four and one-half occurred due to the actions of the defendant: two and one-half months of delay occurred when the court continued the case to allow the defendant time to prepare for trial, and two months occurred when the court continued the case to allow the defendant time to locate a witness who had become unavailable.

The remainder of the delays were due to the State. Delays totaling four months were due to the granting of three continuances necessitated by the absence of the arresting officer, and a delay of one month occurred due to the crowded docket of the court.

■ Citing *State v. Zysk*, 123 N.H. 481, 465 A.2d 480 (1983), the State argues that the delays caused by the absence of the officer should not be weighed against the State. We disagree. In *Zysk*, the delay caused by the absence of an unidentified prosecution witness was not held against the State. In this case, however, the witness who failed to appear is a policeman, who, as such, is an agent of the State with an interest in bringing the defendant to trial. We hold that trial delays arising from the failure of law enforcement personnel to appear in court accordingly are to be held against the State, especially in instances where no reasonable justification for the failure to appear is offered. In this case, no justification has been offered for two of the three delays caused by the absence of the arresting officer. These two delays therefore weigh more heavily against the State than the delay caused by the explained absence of the arresting officer. The delay due to the crowded docket of the court is likewise held against the State, although to a lesser extent

than would a deliberate delay. *See State v. Zysk, supra* at 485, 465 A.2d at 482 (citing *Barker v. Wingo*, 407 U.S. at 531).

■■■ "This court puts substantial emphasis on the latter two of the *Barker* factors." *State v. Cole*, 118 N.H. at 831, 395 A.2d at 190. The record reveals that the defendant frequently asserted his rights to a speedy trial and that the delays prejudiced his ability to defend himself at trial. The defendant objected to the State's requests for continuances on December 9, 1982, and January 13, 1983, and moved to dismiss the case for lack of a speedy trial in February 1983. The defendant thus consistently demanded that his speedy trial rights be honored.

■■■ After the district court granted three continuances due to the unavailability of the arresting officer and one due to the crowded docket of the court, a defense witness left the State and became unavailable for future hearings. Impairment of a defendant's defense is a constitutionally significant form of prejudice. *See State v. Weitzman*, 121 N.H. at 87, 427 A.2d at 5.

■■■ In conclusion, we note that, although the impairment to the defense caused by the district court delays arose in this case at the district court, impairments to the defense due to district court delays may arise in other cases later on appeal to the superior court. A material defense witness, for instance, may, due to earlier delays at the district court, become unavailable during the superior court trial. Although the reasonableness of the delays at the district court and of those at the superior court are to be independently evaluated, prejudice to the defendant in the form of an impaired defense at the superior court may properly be attributed, in whole or in part, to delays at the district court. To hold otherwise would frustrate furtherance of a purpose of the speedy trial rights—the prevention of impairments to the defense. *See Barker v. Wingo*, 407 U.S. at 532; *State v. Cole*, 118 N.H. at 831, 395 A.2d at 190.

■■■ In light of all the circumstances, we find that the defendant's State constitutional right to a speedy trial was denied.

*Reversed.*

All concurred.