Strafford
No. 86-483

THE STATE OF NEW HAMPSHIRE

v.

DAVID DELLNER

November 9, 1987

*Stephen E. Merrill*, attorney general (*Robert B. Muh*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BROCK, C.J. Indictments were returned against the defendant, David Dellner, charging him with violations of RSA 631:1, II (first degree assault) and RSA 264:25 (conduct after an accident). At defendant's trial in the superior court, the Trial Judge (*Temple*, J.), after the close of the State's case, granted the defendant's motion to dismiss the conduct after an accident charge, whereupon the jury found him guilty of first degree assault.

The only issue before us on this appeal is whether the trial court erred in denying the defendant's motion to sever the trials on the two indictments. For the reasons that follow, we affirm.

Evidence presented at trial reveals the following undisputed facts relating to the two indictments. At approximately 1:30 a.m. on July 27, 1985, the defendant, who had no operator's license, was driving a friend's 1984 Camaro in Rochester. His girl friend, Margurite Marcotte, was with him in the car. The police observed the vehicle traveling at a high rate of speed, pursued it and, using blue lights

and siren, signaled the defendant to stop. A high speed chase ensued and, because the defendant failed to negotiate a sharp turn, the car went off the road, over an embankment and into a creek. Margurite sustained lacerations and thought she had suffered a broken arm in the accident, but, nevertheless, the defendant told her, "I'm leaving," and ran off into the woods (Trial Transcript (Tr.), at 33, 180, 185).

Approximately two weeks later, on August 15, Margurite Marcotte and the defendant were at her apartment in Rochester in a building owned by her brother, James, when the latter arrived to check the building. The accident had led to considerable animosity between the defendant and Margurite's brother. James Marcotte testified that he had informed the police that he would give a $200 reward to anyone who could tell him of the defendant's whereabouts. A lengthy altercation between Marcotte and the defendant ensued. This incident culminated later in the evening when the defendant arrived at James Marcotte's home with a club in his hand, told Marcotte "I'm gonna kill you," and assaulted him with the club (Tr. at 73). The defendant was indicted for assault as well as unlawful conduct after an accident. He was tried and found guilty on the assault charge.

The defendant argues on appeal that the trial court erred in refusing to grant his motion to sever the indictments for separate trials because the incidents underlying the two indictments occurred two weeks apart and because joinder is permissible only if there is a direct relationship between the offenses and if evidence of one offense would have been admissible at a separate trial of the other. *See State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984).

Defendant's reliance upon Federal Rule of Criminal Procedure 8(a) and cases decided thereunder is misplaced. *See, e.g., United States v. Scott*, 659 F.2d 585 (5th Cir. Unit B 1981). Here the evidence from one incident would be admissible at the trial of the other if the trials were separate.

■ We have held frequently that questions concerning joinder and severance rest within the sound discretion of the trial court and that we will not set aside such determinations absent an abuse of discretion. *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984); *State v. Lainey*, 117 N.H. 592, 595, 375 A.2d 1162, 1164 (1977). *See also State v. Cote*, 129 N.H. 358, 367, 530 A.2d 775, 779–80 (1987).

The two charges were clearly related, where, as here, it could be found that the source of the animosity between the defendant and James Marcotte arose out of the accident on July 27. *See State v. Whitney supra; State v. Freije,* 109 N.H. 290, 291, 249 A.2d 683, 684 (1969). Furthermore, because in this case there were witnesses common to the two charges and evidence concerning the relationship of the accident to the assault would have been admissible in a separate trial of the assault indictment, and because the trier of fact could easily "distinguish the evidence and apply the law intelligently as to each offense," we conclude that the trial court clearly did not abuse its discretion in denying the defendant's motion to sever. II A.B.A. STANDARDS FOR CRIMINAL JUSTICE, *Joinder and Severance,* Standard 13-3.1 (1980).

*Affirmed.*

All concurred.