Cheshire,
No. 5052.

IN RE ERNEST L. PERHAM.

Submitted June 6, 1962.
Decided September 28, 1962.

*William Maynard*, Attorney General, *Elmer T. Bourque*, Deputy Attorney General, and *John J. Zimmerman*, county attorney, for the State.

*William D. Tribble* for Ernest L. Perham.

LAMPRON, J.   It is well established that the purpose of statutes such as RSA ch. 169 "is not penal, but protective.   It is not that the child shall be punished for breach of a law or regulation, but that he shall have a better chance to become a worthy citizen." *State* v. *Lefebvre*, 91 N. H. 382, 384.   Such an act "is designed to permit the exercise of the powers of the state as *'parens patriae'*

for the purpose of rehabilitating minor children." *Petition of Morin,* 95 N. H. 518, 520; *In re Poulin,* 100 N. H. 458; *State* v. *Monahan,* 15 N. J. 34; *Holmes' Appeal,* 379 Pa. 599. By chapter 169 the municipal court is granted, with certain specified exceptions such as violations of motor vehicle, aeronautical and game laws (*s.* 30 supp), exclusive jurisdiction over all offenses committed by children under the age of eighteen. *State* v. *Lemelin,* 101 N. H. 404.

However, under section 21 if "the offense complained of constitutes a felony or would amount to a felony in the case of an adult, [the municipal court] may, after investigation and consideration, before hearing" certify it to the Superior Court. "Cases so certified may be disposed of by the superior court according to the laws of this state relating thereto without any limitations as to sentence or orders required by this chapter." In the event of such a transfer, the accused is entitled to a trial by jury like any other person charged with the same offense. *State* v. *Lemelin, supra; Pee* v. *United States,* 274 F. 2d 556 (D.C. 1959).

But the municipal court in the exercise of the exclusive jurisdiction which it has under chapter 169 can dispose of the case in a juvenile proceeding as it did in this instance. In such a proceeding the juvenile is not tried for a crime, not convicted of a crime, not deemed to be a criminal, and no public record is made of his alleged offense. RSA 169:20, 22, 26; *Pee* v. *United States, supra,* 558, 559. The determination to be made therein is not that of criminal guilt but of delinquency. *Metcalf* v. *Commonwealth,* 338 Mass. 648. Consequently the usual procedural and sentencing requirements of the criminal law are replaced by a procedure so designed that "the care, custody and disposition of the child shall approximate as nearly as may be that which should be given by his parents." RSA 169:26. See 30 Rocky Mt. L. Rev. 101. It follows that these proceedings are something legally and constitutionally different from the usual criminal trial. *Metcalf* v. *Commonwealth, supra.* It is the general rule that trial by jury is not a constitutional requirement in such special statutory proceedings. *In re Moulton,* 96 N. H. 370, 372; *Re Gomez,* 113 Vt. 224; Annot. 43 A.L.R. 2d 1128, 1129; 37 Mich. L. Rev. 613, 623. See *In re Mundy,* 97 N. H. 239, 240.

It should be noted also that in similar situations where the State assumes the position of *parens patriae* as in the case of a sexual psycopath (RSA 173:5, 14), an insane or mentally ill person

(RSA 135:15, 19), or an inebriate (RSA 172:13) no right of trial by jury is provided by the Legislature nor is it required. *Petition of Morin*, 95 N. H. 518; *In re Moulton*, 96 N. H. 370, 372; *In re Craft*, 99 N. H. 287, 289; 31 Am. Jur., Juvenile Courts, s. 16, *p.* 302 and s. 67, *p.* 333. The view that no right to a jury trial is required in juvenile proceedings has been declared to be prevailing in most jurisdictions which have considered the issue. 46 Cornell L. Q. 387, 399; 41 Minn. L. Rev. 547, 559.

RSA 169:24 provides that "an appeal may be taken to the superior court in manner provided for appeals from municipal courts, but an appeal shall not suspend the order of the court unless the court shall so order." Counsel for Perham argues that "the legislature cannot reasonably be deemed to have intended that the infant having been determined to be a delinquent by one judge is passed along to another judge to get a sort of a second opinion on the same matter in the same fashion." On the contrary, he argues, "it is much more reasonable to assume that the legislature had in mind the constitutional rights of the infant, as well as of an adult, to a trial by jury . . . if the infant believing that he has been wronged by the summary proceedings of the juvenile court desires to throw off the cloak which the legislature has made available to him and to stand on his own two feet like a man . . . and defend himself against the charges . . . brought against him."

If the Legislature intended to grant the juvenile such a right it could have included it in clear and unmistakable language in chapter 169. Furthermore it would be contrary to the legislative intent as expressed in the whole chapter to infer that such a right was intended. The evident purpose of the act is to determine the need of the exercise by the State of its function of *parens patriae* and to prescribe a treatment cut to the special needs of the individual concerned. Clearly the Legislature has decided that in the first instance a judge of a municipal court, with the help of an investigation and report (RSA 169:9), should determine the status and disposition to be made of such a juvenile. Sections 20 and 22 prescribe that such proceedings be informal and in the presence of certain designated persons only.

The right of appeal from this determination provided by section 24 must be interpreted in the light of these "laudable objectives of the juvenile court law." *In re Poulin*, 100 N. H. 458, 460; *Sylvester* v. *Commonwealth*, 253 Mass. 244. We are of the opinion

that it would be contrary to the intention expressed by the Legislature in the entire chapter to infer that it intended a jury trial on such an appeal. Nor do we think that a jury trial is required to provide a fair hearing to the child and the parents. *In re Poulin, supra.* We conclude therefore that Perham is not entitled to a jury trial on his appeal from the finding of delinquency made in juvenile court and answer the transferred question in the negative.

*Remanded.*

KENISON, C. J. and DUNCAN, J., dissented; the others concurred.