Strafford
No. 89-238

THE STATE OF NEW HAMPSHIRE

v.

AARON LEWIS, III

November 15, 1990

*John P. Arnold,* attorney general (*Jeffrey W. Spencer,* attorney, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant, Aaron Lewis, III, appeared *pro se* and was convicted in the Superior Court (*Dickson,* J.) of first degree assault, RSA 631:1, II. He claims on appeal that by denying him

personal access to a law library, the Superior Court (*Temple*, J.) effectively violated his right to proceed *pro se* as well as his fundamental right of access to the courts, both guaranteed by the National Constitution. We affirm.

The defendant was charged under two indictments for first degree assault in November 1988, and was subsequently incarcerated. He refused, however, to discuss his case with a court-appointed lawyer and filed a motion requesting black counsel. Having been informed at his January 12, 1989 motion hearing that no black counsel was available, the defendant moved to proceed *pro se*, requesting that he be allowed to retain his court-appointed counsel to assist him with legal terminology and research. The Superior Court (*Temple*, J.) granted the defendant's motion on condition that his attorney act as standby counsel.

The defendant subsequently filed a motion *pro se* requesting personal access to a law library, and informed the superior court at his February 8 motion hearing that no library existed at the county jail at which he was being held. The Superior Court (*Temple*, J.) rejected his motion, instructing the defendant "to avail himself of counsel assistance." The defendant continued to appear *pro se*, with the assistance of standby counsel, at a subsequent discovery and suppression hearing, and at his trial.

On appeal, the defendant claims that his right to proceed *pro se* guaranteed by the sixth amendment of the National Constitution, *Faretta v. California*, 422 U.S. 806, 818 (1975), comprehends a correlative right of access to legal materials necessary to prepare his defense, and that the superior court violated this right by denying him personal access to a law library. In addition, the defendant claims that the superior court's ruling deprived him of his fundamental right of access to the courts, guaranteed by the National Constitution. *Bounds v. Smith*, 430 U.S. 817 (1977).

As a preliminary matter, we must note that although in his appellate brief the defendant cites both the New Hampshire and National Constitutions, he failed to cite the former in his notice of appeal, and the record does not indicate whether or not he cited it in his *pro se* motion before the superior court. Accordingly, we treat his claim as predicated on federal law. *See State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986).

Certain federal courts have held that a criminal defendant's sixth amendment right to proceed *pro se* comprehends a correlative right of access to legal materials necessary to prepare his defense. *See*,

*e.g.*, *Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989). Federal appellate courts that have addressed the issue, however, agree that the criminal defendant does not have the prerogative to choose the form that such access will take, and that assistance from court-appointed counsel is sufficient to protect this right. *See United States v. Pina*, 844 F.2d 1, 5 n.1 (1st Cir. 1988); *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985); *Spates v. Manson*, 644 F.2d 80, 85 (2d Cir. 1981); *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978).

■ Accordingly, we hold that the superior court adequately protected the defendant's sixth amendment right of access to legal materials by offering him standby counsel, who presumably was available to perform legal research. It is irrelevant to this analysis that the defendant may have refused to communicate with counsel, as it was not up to him to determine the form that such assistance would take. *See id.*

■ The defendant also claims, pursuant to *Bounds v. Smith*, 430 U.S. 817, that by denying him personal access to a law library, the superior court violated his fundamental right of access to the courts, *id. Bounds*, however, dealt with the rights of convicted prisoners, and "[t]he extent to which *Bounds* creates rights for pre-trial detainees who decline counsel remains unsettled." *Milton v. Morris*, *supra* at 1446 n.2. Nevertheless, even if we were to apply the *Bounds* standard here, it would furnish the defendant no ground for relief, since it would obligate the State at most to provide him with an "adequate law [library] *or adequate assistance from persons trained in the law*," *id.* at 828 (emphasis added), which, as noted above, the superior court did here, *see United States v. Moya-Gomez*, 860 F.2d 706, 743 (7th Cir. 1988) (applying *Bounds* standard to pre-trial detainee), *cert. denied*, 109 S. Ct. 3221 (1989).

*Affirmed.*

HORTON, J., did not sit.