Hillsborough
No. 91-060

THE STATE OF NEW HAMPSHIRE

v.

WALTER PANZERA

December 27, 1994

236

*Jeffrey R. Howard*, attorney general (*John P. Kacavas*, assistant attorney general, on the brief and orally), for the State.

*Albert E. Scherr*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

*Walter Panzera*, on the brief, *pro se*.

JOHNSON, J.   A jury trial in Superior Court (Barry, J.) resulted in the defendant, Walter Panzera, being convicted of burglary, RSA 635:1 (1986) (current version at RSA 635:1 (1986 & Supp. 1993)), and attempted aggravated felonious sexual assault, RSA 629:1 (1986); RSA 632-A:2 (Supp. 1993). On appeal, the defendant argues that the trial court violated his rights to counsel and personal access to a law library. We affirm.

Jury selection for the defendant's trial was scheduled for October 24, 1990. On October 4, 1990, the defendant learned that his appointed counsel was leaving the public defender's office, and that the defendant's case was being transferred to another public defender. The departing appointed counsel advised the defendant that his replacement would require a six-week continuance to prepare for the defendant's trial.

On October 19, 1990, the Superior Court (*Groff*, J.) held a hearing to determine status of counsel. At the hearing, the defendant announced his intention to appear *pro se*. He explained his decision by stating that he had little confidence in the public defender's office, and that he did not want a continuance. Paradoxically, however, the defendant stated that he would not be satisfied with his newly assigned public defender even though he "probably is a terrific lawyer." Moreover, after the court cautioned him against appearing *pro se*, the defendant named two lawyers whose representation he would accept. The defendant intimated that he would agree to a continuance to allow one of these two designated lawyers to prepare for the case.

The court informed the defendant that he could not hand-pick a court-appointed attorney. Hence the defendant resolved to represent himself. The defendant agreed to standby counsel but stated that he would prefer a court order allowing him access to a law library on weekdays. The court did not respond to this statement. On October 26, 1990, the defendant filed a motion requesting an order to allow him time in a law library. The Superior Court (*Groff*, J.) denied the motion.

On appeal, the defendant advances two arguments. First, the defendant argues that his waiver of his constitutional right to counsel was involuntary, and therefore invalid. Second, the defendant argues that the trial court violated his constitutional right to court access by denying him admittance to a law library.

We first determine whether the trial court abrogated the defendant's right to counsel. The defendant contends that he relinquished his right to counsel only to preserve another constitutional right, the right to a speedy trial. He concludes that a waiver given under such circumstances is involuntary, and therefore invalid. We disagree with the defendant's portrayal of the circumstances surrounding his waiver and, therefore, reject this argument.

We begin consideration of the defendant's claim by examining issues raised under the State Constitution, *see State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), citing authority from other jurisdictions solely for its helpfulness in making our own analysis. *See Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983).

The New Hampshire and Federal Constitutions guarantee a defendant facing criminal prosecution both the right to counsel and the

right to proceed *pro se*. U.S. CONST. amend. VI; N.H. CONST. pt. I, art. 15; *Faretta v. California*, 422 U.S. 806, 807 (1975); *State v. Barham*, 126 N.H. 631, 636, 495 A.2d 1269, 1273 (1985), *habeas corpus dismissed sub nom. Barham v. Powell*, 895 F.2d 19 (1st Cir.), *cert. denied*, 495 U.S. 961 (1990). Yet these entitlements are antithetical, and the exercise of one right nullifies the other. *Lewis v. Powell*, 135 N.H. 490, 496, 607 A.2d 603, 605, *cert. denied*, 113 S. Ct. 259 (1992). Thus, we respect a waiver of the right to counsel only if the defendant has evinced an understanding of the right and has asserted an unequivocal desire to relinquish it. *State v. Barham*, 126 N.H. at 637, 495 A.2d at 1273. Moreover, the decision to forgo the right to counsel must be voluntary. *State v. Decker*, 138 N.H. 432, 436, 641 A.2d 226, 228 (1994). In determining whether a waiver is voluntary, "the trial court must consider the totality of the surrounding circumstances." *Id.* (quotation and citations omitted). A defendant's decision to waive his right to counsel will not be deemed involuntary simply because he was asked to choose between waiver and some other course of action. *United States v. Moya-Gomez*, 860 F.2d 706, 739 (7th Cir. 1988), *cert. denied*, 492 U.S. 908 (1989). A defendant may be asked to make such a choice provided that "the choice presented to him is not constitutionally offensive," *id.*, and does not thereby violate the defendant's right to due process. *See State v. Linsky*, 117 N.H. 866, 879–81, 397 A.2d 813, 822 (1977).

▮ Here, two judges urged the defendant to accept legal representation. In a lengthy colloquy with the defendant, the court expressed its concern that the defendant would be incapable of waging an effective defense and probed his understanding of trial practice, emphasizing the various dangers and pitfalls confronting *pro se* litigants. The prosecutor noted that the defendant was facing serious charges, which could result in his substantial incarceration. Still, when given a clear choice between accepting a continuance or proceeding *pro se*, the defendant explicitly elected the latter. Therefore, unless the choice presented to the defendant rose to the level of a due process violation, *see Linsky*, 117 N.H. at 879–81, 379 A.2d at 822, the manifest certainty with which the defendant made his decision rendered his waiver voluntary.

The New Hampshire and Federal Constitutions guarantee criminal defendants the right to a speedy trial. U.S. CONST. amend. VI; N.H. CONST. pt. I, art. 14. The question in all such cases is whether the pretrial delay at issue was reasonable. *State v. Langone*, 127 N.H. 49, 53, 498 A.2d 731, 733 (1985). We make this determination under the State Constitution by engaging in the factor analysis adopted in *Barker v. Wingo*, 407 U.S. 514, 530–33 (1972), for resolving federal speedy trial claims. *State v. Fletcher*, 135 N.H. 605, 607, 607 A.2d 958, 960 (1992).

█ Our usual assessment of a contested pretrial delay entails consideration of the delay's length and reason, whether the defendant asserted his right to a speedy trial, and whether the delay has disadvantaged the defendant. *State v. Maynard*, 137 N.H. 537, 538, 629 A.2d 1345, 1345–46 (1993). We balance these factors, however, only when the challenged delay is presumptively prejudicial. *State v. Fletcher*, 135 N.H. at 607, 607 A.2d at 960. We do not consider a pretrial delay of less than nine months to be presumptively prejudicial. *State v. Adams*, 133 N.H. 818, 823, 585 A.2d 853, 855 (1991); *see* SUPER. CT. R. app. (Superior Court Speedy Trial Policy).

The defendant in this case was not faced with a constitutionally offensive choice. The defendant was arrested in July 1990. Had the defendant agreed to a six-week continuance, his trial would have begun in December, less than six months after his arrest. A pretrial delay of less than six months is not presumptively prejudicial. Thus, the option to accept a six-week continuance did not constitute a violation of the defendant's right to a speedy trial, and, therefore, we need not perform a due process analysis. Accordingly, we deem valid the defendant's voluntary waiver of his right to counsel.

The defendant next contends that the court violated his sixth amendment rights under the Federal Constitution by refusing him admittance to the jail law library. We disagree.

Since the defendant's notice of appeal makes no reference to any provision of the State Constitution, we consider this issue solely under the Constitution of the United States. *See State v. Dellorfano*, 128 N.H. 628, 633, 517 A.2d 1163, 1166 (1986).

█ "A defendant's right to self-representation plainly encompasses certain specific rights to have his voice heard." *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984). These corollary rights are no less applicable when the *pro se* defendant is awaiting trial in a prison cell. *Cf. Procunier v. Martinez*, 416 U.S. 396, 419 (1974) (prisoners' rights to court access are corollary to their due process rights), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989). Moreover, where a judicial proceeding is the required means of settling a suit, due process mandates that the defendant have access to the courts. *See Boddie v. Connecticut*, 401 U.S. 371, 376–77 (1971). Such access must be adequate, meaningful, and effective. *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

█ States must safeguard a defendant's right to address the courts effectively, but they have flexibility in how they do so. *Cf. id.* (State must preserve inmate's right to court access). Thus, while permitting entry to law libraries is one acceptable method of ensuring court access, the State may also satisfy its obligation through alternative means. *Id.*

at 830. Moreover, "the criminal defendant does not have the prerogative to choose the form that [court] access will take." *State v. Lewis*, 133 N.H. 691, 693, 582 A.2d 611, 612 (1990), *denial of habeas corpus aff'd sub nom. Lewis v. Powell*, 135 N.H. 490, 607 A.2d 603, *cert. denied*, 113 S. Ct. 259 (1992); *see United States v. Pina*, 844 F.2d 1, 5 n.1 (1st Cir. 1988). Thus, our present inquiry is whether the defendant's personal access to a law library was necessary to provide the defendant a reasonable opportunity to present his case to the court. *See Bounds v. Smith*, 430 U.S. at 825.

██ Here, the court made legal information available to the defendant through a court-appointed attorney. The defendant assured the court that he understood the role of this standby counsel. Furthermore, the transcript reflects that the defendant was intelligent, had not used drugs since his arrest, and was physically capable of availing himself of this legal service. Under these circumstances, the provision of standby counsel ensured the defendant's fundamental right of access to the courts and rendered his admittance to a law library unnecessary. *See United States v. Pina*, 844 F.2d at 5, n.1; *State v. Lewis*, 133 N.H. at 693, 582 A.2d at 612.

*Affirmed.*

All concurred.