**In the Interest of NJC, a Minor.**

**NJC, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. C–95–3.**

Supreme Court of Wyoming.

March 18, 1996.

Sylvia L. Hackl, State Public Defender; Deborah Cornia, Assistant Public Defender; Gerald M. Gallivan, Director, Defender Aid Program; and Teresa R. Nelson, Student Intern, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

We are asked to consider the constitutionality of the venue provision of Wyoming's Juvenile Court Act. Appellant contends that the Act's venue provision is unconstitutional and that the district court erred in denying his motion to dismiss for lack of venue. We disagree. The venue provision is constitutional, and the district court correctly denied the motion to dismiss.

Affirmed.

## I. ISSUES

Appellant, NJC, identifies the following issues:

### ARGUMENT I

The district court below was barred from hearing this matter over the objection of defense counsel under the provisions of Article I § 10 of the Wyoming Constitution governing venue in criminal cases.

### ARGUMENT II

The failure to afford the defendant the proper venue, i.e. to bring the juvenile proceeding in the county where the delinquent act was committed is violative of due process under the 14th Amendment of the United States Constitution and of the Wyoming Constitution.

Appellee, State of Wyoming, identifies a single issue:

> Whether W.S. § 14–6–204, which allows venue in juvenile delinquency proceedings in either the county where the child is living or present when the proceedings are commenced or in the county where the alleged delinquent act occurred is constitutional, thereby making denial of appellant's motion to dismiss proper?

## II.  FACTS

In July of 1993, NJC was determined to be a child in need of supervision and he was placed in the custody of Park County Department of Family Services. After being transferred to several different facilities, NJC was admitted as a patient to Crestview Hospital in Casper, Wyoming. While in Crestview, NJC broke out a window and escaped. He was charged with destruction of property in a juvenile delinquency petition filed by the Park County prosecutor. NJC's counsel made an oral motion to dismiss for lack of jurisdiction and improper venue, arguing that the petition should have been filed in Natrona County, the site of the alleged delinquent act, rather than in Park County, the site of NJC's official residence. NJC entered a conditional plea of guilty, but reserved the right to challenge the constitutionality of the venue provision of Wyoming's Juvenile Court Act. This appeal followed.

## III.  DISCUSSION

### A.  STANDARD OF REVIEW

■ In Wyoming, a statute is presumed to be constitutional and the party challenging the statute bears the burden of proving, beyond a reasonable doubt, that the statute is constitutionally defective. *Wyoming Coalition v. Wyoming Game & Fish Com'n,* 875 P.2d 729, 732 (Wyo.1994). Any reasonable doubts as to the validity of the statute are to be resolved by finding the statute constitutional. *Worden v. Village Homes,* 821 P.2d 1291, 1293 (Wyo.1991).

### B.  CONSTITUTIONAL ANALYSIS

Whether Wyo.Stat. § 14–6–204 (1994) is unconstitutional is the primary question pre-

sented. NJC challenges the statute on two grounds. First, he contends the statute is violative of Wyo. Const. art. 1, § 10. Secondly, he challenges the statute as violative of his due process rights under the Fourteenth Amendment of the United States Constitution and under Wyo. Const. art. 1, § 6. These claims lack merit.

Wyo. Const. art. 1, § 10 stands for the proposition that a criminal defendant is entitled to be tried in the same venue in which the crime is known to have occurred. NJC argues that juvenile delinquency proceedings are criminal proceedings and Wyo. Const. art 1, § 10 requires all criminal proceedings be tried in the county or district in which the offense is alleged to have occurred.

■ NJC's claim fails because a juvenile delinquency determination is a special proceeding, not a traditional criminal proceeding. *State in Interest of C,* 638 P.2d 165, 168 (Wyo.1981). Thus, we disagree with NJC's central premise that juvenile delinquency proceedings are criminal for purposes of the venue provision in the Wyoming Constitution. We hold that the venue provision in Wyo. Const. art. 1, § 10 does not apply to juvenile delinquency proceedings which are, instead, controlled by Wyo.Stat. § 14–6–204.

■ The Wyoming Constitution grants the legislature the authority to create juvenile courts and to define their jurisdiction. Wyo. Const. art. 5, § 29. The legislature has clearly exercised that authority under Wyo. Stat. §§ 14–6–201 through 14–6–244 (1994 & Cum.Supp.1995). The legislature's exercise of its authority cannot be deemed unconstitutional absent proof that the resulting legislation impairs a constitutional right. The venue provision of Wyo. Const. art. 1, § 10 is inapplicable to juvenile delinquency matters because these proceedings are deemed not to be criminal. *See* Wyo.Stat. § 14–6–208 (1994). The venue provision in the Juvenile Court Act which allows a juvenile delinquency proceeding to be brought where the alleged delinquent act occurs or where the juvenile resides is not in conflict with the venue provision of Wyo. Const. art. 1, § 10.

■ We next address NJC's claim that the venue provision found in Wyo.Stat. § 14–6–204 is unconstitutional because it impairs his right to due process. NJC argues that due process requires a finding of venue in criminal proceedings, juvenile matters are criminal proceedings, and a court must have venue to hear a juvenile delinquency case. As discussed above, juvenile delinquency determinations are special proceedings, not criminal proceedings. Venue is proper because it is vested in the district court through a statute which was passed by the legislature pursuant to a constitutional grant of authority. Since venue is proper, NJC's conclusion to the contrary fails. Accordingly, NJC's due process claim must also fail.

## IV. CONCLUSION

The decision of the district court is affirmed.