Auburn Family Division
No. 96-672

*In re* NICHOLAS G.

May 22, 1997

*Jeffrey R. Howard,* attorney general (*Daniel J. Mullen,* senior assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, and *David M. Rothstein,* assistant appellate defender, of Concord (*Mr. Duggan* and *Mr. Rothstein* on the brief, and *Mr. Duggan* orally), for the juvenile.

### MEMORANDUM OPINION

BROCK, C.J. The Family Division Pilot Program (*Korbey,* J.) has transferred without ruling, *see* SUP. CT. R. 9, questions as to whether marital masters have the authority, pursuant to Laws 1995, chapter 152, to adjudicate delinquency cases under RSA chapter 169-B (1994 & Supp. 1996). Pursuant to an agreement of the parties reached at a prehearing evaluation conference, *see* SUP. CT. R. 12-B, the following questions were briefed and argued:

1. Does a marital master have statutory authority to conduct proceedings under RSA 169-B?

2. Would it violate Part 2, Article 46 of the New Hampshire Constitution for marital masters to conduct proceedings

under RSA 169-B and to make recommendations under Chapter 152 and the Family Division Rules to judicial officers?

3. Does the existing process for review of a marital master's recommendation violate due process under the state or federal constitutions?

Because we hold that a marital master has no statutory authority to conduct delinquency proceedings, we do not reach the juvenile's constitutional arguments. *See Britton v. Town of Chester*, 134 N.H. 434, 441, 595 A.2d 492, 496 (1991).

On October 1, 1996, the juvenile, Nicholas G., appeared in a delinquency proceeding in the Auburn Family Division charged with simple assault. The Marital Master (*Bruce Dalpra*, Esq.) issued several pretrial orders and set a date for an adjudicatory hearing. The orders were approved by a district court judge that same day. *See Abrams v. Abrams*, 131 N.H. 522, 526, 556 A.2d 1173, 1175 (1989).

To counter the possibility that a hearing on the merits of the charge against him would be held before a marital master, Nicholas G. filed a motion to have the fact finder in his trial be a judicial officer under part II, article 72-A of the State Constitution. Subsequently, the family division transferred without ruling the question whether marital masters are authorized to hear juvenile delinquency cases under RSA chapter 169-B.

RSA chapter 169-B provides a comprehensive framework for the district court to "guarantee children their constitutional rights, and encourage the use of rehabilitative and treatment resources whenever possible." *In re Russell C.*, 120 N.H. 260, 266, 414 A.2d 934, 937 (1980). On May 25, 1995, the legislature transferred jurisdiction over a number of family matters, including delinquency actions, in Grafton and Rockingham counties to the family division, *see* Laws 1995, 152:2, III, which is comprised of family division justices and marital masters, *see* Laws 1995, 152:5. An underlying purpose of the family division is "the assignment of all family matters of a single family to one family division justice or marital master located in a family division court that is geographically accessible to the family." Laws 1995, 152:1.

Nothing in the legislation establishing the family division pilot program purports to confer on marital masters authority that they did not enjoy prior to its enactment, which was the ability to function "in an administrative but essentially advisory capacity to judicial officers." *Opinion of the Justices*, 128 N.H. 17, 22, 509 A.2d

746, 749 (1986). Indeed, the enabling legislation specifically states: "Nothing in this section shall be construed to designate marital masters as justices." Laws 1995, 152:5, I.

As directed by Laws 1995, 152:5, I, this court has selected certain superior court marital masters as marital masters for the pilot program. The marital masters so chosen are governed not only by the family division pilot program rules but also by the rules applicable to all marital masters. See, e.g., SUPER. CT. ADMIN. R. 12-7, 12-8. Consequently, their authority is limited to "all marital matters, including permanent custody and URESA cases, except violations." SUPER. CT. ADMIN. R. 12-9.

A juvenile delinquency proceeding is not a marital matter. Rather, "[a] proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty . . . is comparable in seriousness to a felony prosecution." In re Gault, 387 U.S. 1, 36 (1967); cf. State v. Justus, 140 N.H. 413, 415, 666 A.2d 1353, 1354 (1995) (applying essentials of due process and fair treatment to juvenile delinquency proceedings).

 Although the legislature designated both justices and marital masters to participate in the pilot program, it did not confer authority over all family matters to both groups equally. Accordingly, we hold that a marital master has no statutory authority to conduct juvenile delinquency proceedings under RSA chapter 169-B.

*Remanded.*

All concurred.