District Court for Southern Carroll County
No. 97-662

## IN RE KEVIN E.

March 10, 1999

*Philip T. McLaughlin,* attorney general (*Kelly A. Ayotte,* assistant attorney general, on the brief and orally), for the State.

*Risa Evans,* assistant appellate defender, of Concord, by brief and orally, for Kevin E.

JOHNSON, J. Kevin E., a juvenile, appeals a decision of the District Court for Southern Carroll County (*Varney,* J.) denying his motion to dismiss for lack of venue. We affirm.

The State filed a delinquency petition for criminal mischief, *see* RSA 169-B:6 (1994); RSA 634:2 (1996) (amended 1996, 1997), against Kevin E., a minor then fifteen years old, alleging that while traveling as a passenger in a vehicle on Route 16 in the area of Milton, Kevin E. recklessly damaged the vehicle by kicking the windshield and causing it to break, without right or reasonable basis to believe he had such a right.

At the delinquency hearing, the State called as its only witness the vehicle's driver, Marilyn Hale, who testified that Kevin E. kicked the

windshield somewhere north of Rochester and south of Wolfeboro on Route 16 north. While she could not say exactly where the incident causing the damage had taken place, she testified that it was most likely in Milton, which is in Strafford County. At the close of the State's case, Kevin E. moved to dismiss the case because the State had not proved that the incident happened in Carroll County. Although the court found that the State had not proven beyond a reasonable doubt that the offense occurred in Carroll County, it denied the motion and found the charges true.

On appeal, Kevin E. argues that the evidence on venue was legally insufficient to permit an adjudication in Carroll County, based on Part I, Article 17 of the New Hampshire Constitution, which provides, in relevant part:

> In criminal prosecutions, the trial of facts, in the vicinity where they happened, is so essential to the security of the life, liberty and estate of the citizen, that no crime or offense ought to be tried in any other county or judicial district than that in which it is committed . . . .

(Emphasis added.)

Kevin E. argues that the trial court erred by concluding that Part I, Article 17 of the New Hampshire Constitution does not apply to juvenile delinquency hearings. In response, the State argues that a juvenile adjudication was proper in this district court, regardless of where the offense occurred, because Kevin E. resided in Carroll County and under RSA 169-B:5, I (1994), juvenile proceedings "may be originated in any judicial district in which the minor is found or resides."

We have held that whether a particular constitutional right is available in juvenile proceedings "is to be decided on a case-by-case basis." *State v. Justus*, 140 N.H. 413, 415, 666 A.2d 1353, 1354 (1995). Juvenile proceedings are designed to be more protective of minors than the adult criminal justice system, *cf. In re Perham*, 104 N.H. 276, 276-77, 184 A.2d 449, 450 (1962), because, under the juvenile system, the purpose is "not that the child shall be punished for breach of a law or regulation, but that he shall have a better chance to become a worthy citizen," *id.* at 276, 184 A.2d at 450 (quotation omitted).

The General Court, recognizing inherent differences between children and adults, has provided for special treatment of juveniles under RSA chapter 169-B. *State v. Benoit*, 126 N.H. 6, 12, 490 A.2d 295, 299 (1985). This court has recognized that juvenile

justice "differs both in philosophy and procedure from the adult penal system," *id.*, because juvenile justice is designed to be curative, protective, and non-penal, and to avoid any possible stigma associated with a criminal conviction. *See id.* In the juvenile system, "the juvenile is not tried for a crime, not convicted of a crime, not deemed to be a criminal, and no public record is made of his alleged offense. The determination to be made therein is not that of criminal guilt but of delinquency." *In re Perham,* 104 N.H. at 277, 184 A.2d at 450 (citations omitted). Moreover, juvenile adjudications do not require jury trials because they are not criminal prosecutions. *See In re Perham,* 104 N.H. at 278, 184 A.2d at 451. Accordingly, Part I, Article 17 of the New Hampshire Constitution is not implicated in this juvenile delinquency proceeding. *Cf. State ex rel. Juv. Dept. v. Smith,* 870 P.2d 240, 241-42 (Or. Ct. App. 1994) (holding state constitutional provision on venue not implicated in juvenile proceedings); *In Interest of NJC,* 913 P.2d 435, 437 (Wyo. 1996) (same).

*Affirmed.*

All concurred.