**In the Matter of the INTEREST OF BW, a minor child BW, Appellant (Defendant),**

v.

**The State of Wyoming, Appellee (Plaintiff).**

**No. C–99–9.**

Supreme Court of Wyoming.

Oct. 10, 2000.

---

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Ryan R. Roden, Assistant Appellate Counsel. Argument by Mr. Roden.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; T. Alan Elrod, Assistant Attorney General. Argument by Mr. Elrod.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

The dispositive issue in this case is whether Appellant BW has timely appealed an order of restitution entered three years earlier when he was adjudged a delinquent juvenile and sent to Wyoming Boys School. At the time of the initial proceedings, the juvenile court ordered restitution in an amount to be determined at a later time after the victim of BW's sexual assault had received counseling and medical care. BW did not appeal that order. Three years later, when the victim petitioned the court to set an amount, the district court ordered BW to pay $2,595.00 in restitution to his victim of sexual assault. BW now appeals contending that the pertinent statute does not allow the district court to delay setting restitution. Appellee State contends that BW's appeal is untimely and this Court is without jurisdiction to consider the issue.

We agree with the State that the appeal is untimely and dismiss the appeal for lack of jurisdiction.

### ISSUES

BW presents this issue for our review:

Whether the district court erred when it ordered appellant to pay restitution to the victim's family three years after appellant was sentenced, when the court did not order appellant to pay restitution at the time of sentencing and the court did not fix a reasonable amount at the time of sentencing?

The State presents this statement of the issues:

I. Must appellant's untimely filed appeal be dismissed for lack of this Court's jurisdiction to hear and decide his issues?

II. Did the district court abuse its discretion when it ordered restitution three years after appellant was adjudged delinquent, when the juvenile justice act does not have the same requirements as the inapplicable adult restitution statutes?

## FACTS

On April 3, 1996, BW admitted to sexual assault in the second degree in violation of Wyo.Stat.Ann. § 6–2–303(a)(v). The court adjudged him a delinquent child and ordered a predisposition study in accordance with Wyo.Stat.Ann. § 14–6–227. After receiving the predisposition study report, the court entered a dispositional order that placed BW in the Wyoming Boys School and stated that the victim's family could petition the court for restitution incurred for medical costs or counseling resulting from the sexual assault admitted to by the juvenile. BW did not appeal this order.

Three years later, on June 16, 1999, the victim's family petitioned for restitution for medical care and counseling costs resulting from the assault. After hearing, the court ordered BW to pay $2,595.00 in restitution. This appeal followed.

## DISCUSSION

 To invoke appellate jurisdiction, appeals must be filed no later than thirty days after the district court enters its final order. W.R.A.P. 2.01. The timely filing of a notice of appeal is jurisdictional. *Holmquist v. State*, 902 P.2d 217 (Wyo.1995). "A late filing of an appeal results in an incurable jurisdictional defect, leaving this Court with no authority to resolve the case." *Id.* at 217–18.

In criminal cases not involving the juvenile act, we frequently have considered the merits of the case even though the notice of appeal was not timely filed. We usually do so to avoid a later claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). *Holmquist*, 902 P.2d at 218. Although juveniles are entitled to effective assistance of counsel, proceedings in juvenile court are equitable as opposed to being criminal. *In Interest of LDO*, 858 P.2d 553, 556 (Wyo.1993); *In Matter of ALJ*, 836 P.2d 307, 313 (Wyo.1992). "[A] juvenile delinquency determination is a special proceeding, not a traditional criminal proceeding." *In Interest of NJC*, 913 P.2d 435, 437 (Wyo.1996) (citing *State in Interest of C*, 638 P.2d 165, 168 (Wyo.1981)). In this case, BW admitted that he had committed the sexual assault and was adjudged delinquent. In the dispositional phase, the court entered an open-ended restitution order from which no appeal was taken. In a juvenile proceeding after adjudication of delinquency, the nature of the dispositional proceedings is not criminal and does not raise a potential ineffective-assistance-of-attorney claim, and we, therefore, have no jurisdiction to hear an untimely appeal.

We dismiss the appeal for lack of jurisdiction.