Plymouth Family Division
No. 98-355

### PAMELA COTTER

v.

### WAYNE A. WRIGHT

December 27, 2000

*Pamela Cotter, pro se,* filed no brief.

*Gabriel Nizetic,* of Plymouth, by brief, for the defendant.

## MEMORANDUM OPINION

PER CURIAM. The defendant, Wayne A. Wright, appeals from a Marital Master's (*Larry Pletcher,* Esq.) order granting a petition for a restraining order filed by the plaintiff, Pamela Cotter. The defendant argues that the marital master lacked authority to adjudicate the domestic violence petition. We reverse and remand.

The following facts are undisputed. The plaintiff and the defendant, unmarried, cohabited for a period of time. In January 1998, the defendant filed a domestic violence petition against the plaintiff, and she countered with a domestic violence petition against him in March 1998. The marital master ultimately dismissed the defendant's petition and issued a restraining order against him.

The defendant filed a motion to vacate, contending that the marital master lacked authority to adjudicate domestic violence petitions, citing Superior Court Administrative Rule 12-9, which limits the authority of marital masters to "marital matters." The master denied the motion, concluding that

> no objection was raised as to the Master's authority to hear this case at either of the two hearings.
>
> In any event, the Motion to Vacate[,] etc. incorrectly cites Superior Court Administrative Rule 12-9. A copy of the Amended Administrative Rule 12-9 is attached. Under said amended rule Masters have clear authority to hear Domestic Violence Petitions and, in fact, do so regularly.

In 1995, the legislature transferred jurisdiction over a number of family matters to the family division. *See* Laws 1995, 152:2. The family division is comprised of family division justices and marital masters. *See* Laws 1995, 152:5. Pursuant to Superior Court Administrative Rule 12-9, the authority of marital masters is limited to "all marital matters, including permanent custody and URESA cases, except violations." The word "marital" is defined as "[r]elating to, or connected with, the status of marriage." BLACK'S LAW DICTIONARY 967 (6th ed. 1990). In this case, because the parties are not married, the allegations of domestic violence do not fall within the master's limited jurisdiction to hear "marital matters." *Cf. In re Nicholas G.*, 142 N.H. 38, 695 A.2d 220 (1997) (holding that family division marital masters have no authority to conduct juvenile delinquency proceedings).

In denying the defendant's motion to vacate, the marital master relied upon an alleged amendment to Superior Court Administrative Rule 12-9. Apparently in response to *In re Nicholas G.*, the superior court issued an administrative order that stated:

> In the past some practices and procedures at Superior Court have been promulgated by Administrative Rule. Under Supreme Court authority, those Administrative Rules can be modified or new Administrative Rules adopted by Administrative Order. Accordingly, it is the purpose of

this Order to strike Superior Court Administrative Rule 12-9 and replace it with the following:

"12-9 Marital Masters are authorized to hear all matters relating to domestic relations over which the Superior Court has jurisdiction, unless precluded by the Constitution or Statute."

■ The superior court may not, however, unilaterally amend its administrative rules. Rulemaking authority lies with the supreme court. N.H. CONST. pt. II, art. 73-a; RSA 490:4 (1997); *see also* SUP. CT. R. 51(A)(1)(a) (supreme court discharges its rulemaking responsibilities in the areas of procedure in all the courts); Laws 1995, 152:5, III ("supreme court may from time to time establish rules and orders of practice and take such action as necessary to effectuate the purposes of" the family division pilot program legislation).

■ Under Supreme Court Rule 54, the administrative judge of the superior court may issue such "administrative orders as may be required from time to time to carry out the responsibilities of the office." SUP. CT. R. 54(5)(c). An administrative order, however, is ineffective to amend a properly promulgated rule. *Cf.* N.H. CONST. pt. II, art. 73-a (rules have force and effect of law). Because Rule 12-9 was not amended by this court, its original terms apply, which limit the authority of marital masters to "marital matters." We therefore hold that the marital master had no authority to adjudicate the domestic violence petitions in this case.

In disposing of this case, we recognize, as we did in *In Re Nicholas G.*, that "[a]lthough the legislature designated both justices and marital masters to participate in the [family division] pilot program, it did not confer authority over all family matters to both groups equally." *In re Nicholas G.*, 142 N.H. at 40, 695 A.2d at 221. However, one of the underlying purposes of the family division is "the assignment of all family matters of a single family to one family division justice or marital master located in a family division court that is geographically accessible to the family." Laws 1995, 152:1; *In re Nicholas G.*, 142 N.H. at 39; 695 A.2d at 221. In order to most effectively carry out the mission of the pilot program, we urge the legislature to consider expanding the role of marital masters to encompass "all family matters of a single family,"

including domestic violence petitions, whether or not the parties are married.

*Reversed and remanded.*

BROCK, C.J., BRODERICK, and DALIANIS, JJ., concurred; HORTON, J., retired specially assigned under RSA 490:3, concurred; DALIANIS, J., took part in the final vote by consent of the parties.