District Court for Southern Carroll County
No. 99-663

IN RE JEFFREY C.

August 31, 2001

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally) for the State.

*Behzad Mirhashem*, acting chief appellate defender, of Concord, by brief and orally, for the juvenile.

DALIANIS, J. The juvenile, Jeffrey C., appeals a decision of the District Court for Southern Carroll County (*Albee*, J.) finding that RSA 169-B:19, III and III-a (Supp. 1999), which authorize the confinement of juveniles to adult facilities without a jury trial, are constitutional. We vacate the dispositional order and remand.

The relevant facts follow. In September 1999, three juvenile delinquency petitions were filed with the district court alleging that Jeffrey C., then sixteen years old, had committed one count of first degree assault and two counts of criminal threatening. The court entered a finding of true on the first degree assault petition. On the criminal threatening petitions, the court entered a finding of true on one count and found that the juvenile committed the lesser-included offense of reckless conduct on the other petition.

Prior to the dispositional hearing, the juvenile. filed a motion arguing that he could not be committed to the house of correction because he was not afforded a jury trial. The court denied his motion and sentenced him to the house of correction for a total of twenty-four months, with six months stand committed, nine months suspended and nine months deferred. The court ordered that the juvenile be held at the Youth Services Detention Unit and transferred to the house of correction upon his seventeenth birthday, which occurred six days after the dispositional hearing. This appeal followed.

On appeal, the juvenile asserts that RSA 169-B:19, III and III-a violate his right to a trial by jury pursuant to Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment to the United States Constitution.

We consider the defendant's argument first under the State Constitution. *See State v. Ball*, 124 N.H. 226, 231 (1983). Because we grant relief under the State Constitution, we need not undertake a separate federal analysis. Thus, "[o]ur holding rests on the State Constitution, and we use federal cases solely as analytical aids." *State v. Ringuette*, 142 N.H. 163, 165 (1997).

Pursuant to statute, delinquency petitions are heard in the district court and a right to a jury trial is not provided. *See* RSA 169-B:2 (1994); RSA 169-B:16 (1994 & Supp. 1999). The court is authorized to commit juveniles to adult correctional facilities in certain instances. Specifically, RSA 169-B:19, III provides:

> A minor found to be a delinquent on a petition filed after the minor's sixteenth birthday . . . may be committed to a county correctional facility for no greater term than an adult could be committed for a like offense; provided, however, that during minority the minor shall not be confined in a county correctional facility and provided further that the term shall not extend beyond the minor's eighteenth birthday.

Further, pursuant to RSA 169-B:19, III-a, if a minor has committed certain violent crimes or has been adjudicated delinquent on four or more occasions, the court may extend jurisdiction over the minor until he attains the age of twenty-one. If the court extends jurisdiction over the minor until age twenty-one, it can order that the minor be placed in an adult facility under the supervision of the department of corrections. *See* RSA 169-B:19, III-a (c).

Part I, Article 15 of the State Constitution provides, "No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land . . . ." "This right to trial by jury has long been held to be the same as that enjoyed by criminal defendants at common law at the time of the adoption of the constitution." *Opinion of the Justices (DWI Jury Trials)*, 135 N.H. 538, 539-40 (1992). We have held that the right to a jury trial extends to all criminal defendants facing the possibility of incarceration. *Id.* at 542.

We hold that RSA 169-B:19, III and RSA 169-B:19, III-a, to the extent that they authorize incarceration of juveniles in adult correctional facilities without first affording the juvenile the right to a jury trial, are unconstitutional. This conclusion is mandated by the well-settled principle that all defendants facing the possibility of incarceration are entitled to a trial by jury. *See Opinion of the Justices (DWI Jury Trials)*, 135 N.H. at 542; *see also State v. Ray*, 63 N.H. 406, 407-08 (1885) (holding statute authorizing justice of the peace to commit juveniles to industrial school violates Part I, Article 15). Imprisonment in an adult facility fundamentally changes the nature of the underlying proceedings.

The State contends that juveniles facing imprisonment in adult correctional facilities are not entitled to jury trials because juvenile proceedings are fundamentally different from adult criminal trials. *See In re Perham*, 104 N.H. 276, 276-77 (1962); *see also McKeiver v. Pennsylvania*, 403 U.S. 528, 545-51 (1971). "Juvenile proceedings are designed to be more protective of minors than the adult criminal justice system, because, under the juvenile system, the purpose is not that the child shall be punished for breach of a law or regulation, but that he shall have a better chance to become a worthy citizen." *In re Kevin E.*, 143 N.H. 417, 418 (1999) (citation and quotation omitted). Thus, "juvenile adjudications do not require jury trials because they are not criminal prosecutions." *Id.* at 419. Here, the State relies on that analysis to assert that the juvenile is

not entitled to a jury trial because a juvenile delinquency proceeding is not a criminal proceeding. When commitment to an adult criminal facility is permitted, however, the juvenile is constitutionally entitled to a trial by jury.

The State further asserts that the statute does provide the juvenile with the right to obtain a jury trial because RSA 169-B:26 permits a juvenile to petition the court to be tried as an adult, and thus have his case dealt with in the same manner as any other criminal prosecution. *See* RSA 169-B:26 (Supp. 1999). Here, the court found that the juvenile "was well counseled and had an opportunity to request that he be certified as an adult to enable him to have a jury trial." Thus, the State argues that the juvenile's failure to seek certification constitutes a waiver of the juvenile's right to a jury trial. We disagree. Should the juvenile seek certification, he would be subject to adult penalties, which would generally expose him to a significantly longer period of incarceration. *See* RSA 169-B:26. We decline to hold that a juvenile who does not choose to expose himself to the possibility of many years of incarceration in the New Hampshire State Prison has waived his fundamental right to a trial by jury.

Accordingly, we hold that RSA 169-B:19, III and III-a, are unconstitutional to the extent that they authorize commitment of juveniles to adult correctional facilities without first affording them the right to a jury trial. This holding shall not affect the remaining provisions of RSA chapter 169-B. *See* RSA 169-B:47 (1994).

*Dispositional order*
*vacated; remanded.*

BROCK, C.J., and BRODERICK and NADEAU, JJ., concurred.